# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER W HEBERT** | **CASE NO.  6:19-CV-00984** |
| **VERSUS** | **JUDGE JUNEAU** |
| **STUART DUNCAN** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER REGARDING JURISDICTION

The question of this Court's jurisdiction was raised prior to a previously set settlement conference. (Rec. Doc. 49). Following Defendant's submission of information to the Court calling into question Plaintiff's domicile, Plaintiff submitted a Memorandum in Support of Subject Matter Jurisdiction with supporting declarations. (Rec. Doc. 55). The Court conducted a telephone conference on the matter on January 14, 2021. For the following reasons, the Court holds that jurisdiction exists pursuant to 28 U.S.C. §1332.

Plaintiff filed his Complaint in this Court against Defendant for alleged breach of contract pertaining to a joint trucking business. At the time of filing suit on July 30, 2019, Plaintiff asserted that he was domiciled in North Dakota. (Rec. Doc. 1, ¶2). Defendant raised the question of jurisdiction after deposing Plaintiff. Plaintiff testified at his October 27, 2020 deposition that he maintains a Louisiana driver's license and currently "resides" in Broussard, Louisiana at his son's house, where he

and his wife moved after having sold their home in New Iberia. He further testified that he is registered to vote in Louisiana, his vehicle is registered in Louisiana, and he files taxes in Louisiana.

Subsequently, Plaintiff filed a Memorandum in Support of Subject Matter Jurisdiction to which he attached his and his wife's declarations. Therein they attest that in June 2018, they resolved to move to North Dakota due to economic opportunities available there for truck drivers in the oil production industry. They sold their house in New Iberia in August 2018 and moved into their motorhome while Plaintiff sought employment in North Dakota. Plaintiff began working full time with Blackshirt LLC in North Dakota in May 2019. He moved to North Dakota on or about June 1, 2019. He lived in temporary housing there until about August 2019, when he and his wife drove their motorhome to North Dakota and lived in it there through April 2020. Later, Plaintiff's wife had to return to Louisiana to care for incapacitated family; however, Plaintiff's wife attested that she intends to return to North Dakota to join Plaintiff when family circumstances permit. Plaintiff attested that he has returned to Louisiana occasionally to visit family or transact business, and that each time he stayed at his son's house (the Broussard address he provided at the deposition). Although Plaintiff attempted to get a North Dakota driver's license, he was unable to go to the pertinent department due to excessive applicants and, later, Covid-19 closures. Finally, Plaintiff clarified his deposition testimony by

attesting that he interpreted "residence" and "reside" to mean the address on his driver's license. He intends to obtain a North Dakota commercial driver's license and file tax returns in North Dakota in the coming months. (Rec. Doc. 55-1 and 55-2).

The federal courts have original jurisdiction over claims in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Diversity is determined by consideration of each party's domicile. An individual's domicile is determined by his act of residence and his intent to remain, "as disclosed by his entire course of conduct." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). See also discussion in *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 404 (5th Cir. 2013).

> In determining whether a person has changed his domicile, courts have identified many factors which should be considered. *Coury,* 85 F.3d at 251 ("The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."). The court should, when undertaking this examination, weigh all factors equally; no single factor is determinative. *Id.* Additionally, statements of intent, either to remain in a previous domicile or to establish a new one, are "entitled to little weight" if they conflict with the objective facts. *Id.*
>
> *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003), citing *Coury v. Prot,* 85 F.3d 244 (5th Cir.1996).

Plaintiff testified that he was living in a motorhome in North Dakota at the time suit was filed. Because he was physically present in North Dakota at the time

3

suit was filed, the pertinent inquiry is whether he had an intent to remain in North Dakota. Although he testified that he does not own property in North Dakota, does not have a driver's license there, has not registered to vote there, or opened bank accounts there, the Court finds that Plaintiff's and his wife's sworn declarations clarify that Plaintiff had the requisite intent to remain in North Dakota in July 2019. The Court accepts Plaintiff's explanation that he had moved to North Dakota and intended to live there indefinitely in order to take advantage of the oil and gas economic opportunities, but that he had not yet been able to secure permanent housing due to the demand in the area. He had been unable to obtain a North Dakota driver's license due to Covid-19 issues at the local licensing department. Nonetheless, he had, in fact, obtained full time employment in North Dakota and sold his house in Louisiana, corroborating his statements of intent. The Court reconciles Plaintiff's seemingly jurisdiction-adverse testimony and subsequent affirmations with the fact that Plaintiff is not a lawyer and did not know the legal ramifications of testifying that he "resided" in Louisiana at the time of filing suit. In fact, Plaintiff testified that he did not understand the meaning of "domicile." Because at the time suit was filed Plaintiff was physically present in North Dakota and intended to remain there indefinitely, the Court finds that the parties are diverse, and jurisdiction exists under 28 U.S.C. §1332.

THUS DONE in Chambers, Lafayette, Louisiana on this 14th day of January, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE